**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jemel STONE, a.k.a. Satin Stone, a.k.a. Teddy Blaze, a.k.a. Satin Marshall, a.k.a. Derrick Volt, a.k.a. John Hatchet, a.k.a. Freddie Reese, a.k.a. B, Defendant–Appellant.**

**No. 08–11536**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 16, 2009.

Jemel Stone, Petersburg, VA, pro se.

Amy Lee Copeland, U.S. Attorney's Office, Savannah, GA, for Plaintiff–Appellee.

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Jemel Stone, *pro se,* appeals the denial of his motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the U.S. Sentencing Guidelines. On appeal, Stone argues that the district court abused its discretion by denying him a sentence reduction because the court wrongly considered his juvenile offenses and his postconviction disciplinary infractions.

We review a district court's denial of a defendant's § 3582(c)(2) motion for an abuse of discretion. *United States v. Vautier,* 144 F.3d 756, 759 n. 3 (11th Cir.1998).

"We review *de novo* a district court's conclusions about the scope of its legal authority under § 3582(c)(2)." *United States v. James,* 548 F.3d 983, 984 (11th Cir.2008).

Under § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant when that defendant's sentence was based on a sentencing range that subsequently has been lowered by the U.S. Sentencing Commission. *United States v. Bravo,* 203 F.3d 778, 780 (11th Cir.2000). In evaluating whether a reduction in the defendant's sentence is warranted, the district court must first recalculate the defendant's guideline range under the amended guidelines, and then must consider the sentencing factors listed in 18 U.S.C. § 3553(a). *Id.* at 780–81; U.S.S.G. § 1B1.10, comment. (n.1(B)) (2008). The district court also may consider the defendant's post-sentencing conduct. U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)).

Section 3553(a) provides that the court must evaluate, *inter alia,* the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed. 18 U.S.C. § 3553(a). While the court must undertake this two-step analysis, its decision whether to reduce the defendant's sentence is discretionary. *Vautier,* 144 F.3d at 760. We do not require a district court to make specific findings explaining its decision not to resentence a defendant, so long as the court clearly considered the factors listed in § 3553(a) and set forth adequate reasons for its refusal to modify the original sentence. *United States v. Brown,* 104 F.3d 1254, 1255 (11th Cir. 1997).

Here, the record demonstrates that the district court correctly recalculated Stone's amended guideline range and then properly considered the § 3553(a) factors and Stone's post-sentencing conduct. In exer-

cising its discretion not to reduce Stone's sentence, the court adequately explained its reasons for denying Stone's § 3582(c)(2) motion. Thus, we conclude that the district court did not abuse its discretion when it denied Stone's motion. Accordingly, we affirm the district court's order denying the motion for a reduced sentence.

**AFFIRMED.**